## Ex parte FRED K. GRESHAM.

No. A-8401. June 24, 1932.
(12 Pac. [2d] 709.)

Courtland M. Feuquay, for petitioner.

Bruce B. Potter, Co. Atty., and Ralph G. Harder, Asst. Co. Atty., for respondent.

CHAPPELL, J. Fred K. Gresham filed his petition in this court for a writ of habeas corpus, alleging that he was illegally restrained of his liberty by J. E. McFadden, sheriff of Kay county, Okla., and confined in the county jail of said county.

Petitioner alleges that he is charged with the offense of bigamy in that on the 15th day of October, 1931, at Hunnewell, Kan., he married Velma Ebert and at the same time had a living wife, Fawnie I. Gresham, living in the state of Oklahoma.

The facts appear to be that on the 15th day of March, 1928, petitioner married one Fawnie I. Gresham (maiden name not given), and that on the 15th day of October, 1931, in Sumner county, Kan., he was married to Velma Ebert; that Fawnie I. Gresham had sued petitioner for divorce in Oklahoma county, but that the decree was not granted until the 24th day of October, 1931; that immediately after said marriage in Sumner county, Kan., and before the decree was granted, petitioner returned to Kay county, Okla., and there resided and cohabited with Velma Ebert as his wife.

"Bigamy" is defined by section 1862, C. O. S. 1921, as:

"Any person who having been married to another who remains living, marries any other person except in the cases specified in the next section is guilty of bigamy."

It is conceded by petitioner and respondent that none of the exceptions have any application to this case.

In Wilson v. State, 16 Okla. Cr. 471, 184 Pac. 603, this court said:

"The penal provisions of section 4971, Revised Laws 1910, are directed solely against the remarriage of either party to a divorce proceeding to any other person within six months immediately subsequent to the rendition of the decree of divorce. Held, the jurisdiction of a prosecution under such statute is in the county where the second marriage takes place; and held, further, where one of the parties to such decree, within the prohibited period of six months, marries another person without the state, and subsequently returns and cohabits with such person in this

state, the subsequent cohabitation not being of the gist of the offense defined by said statute, there is no jurisdiction to prosecute thereunder in this state."

To the same effect is Harvey v. State, 31 Okla. Cr. 299, 238 Pac. 862, 51 A. L. R. 321.

It is apparent from these authorities that petitioner cannot be prosecuted under section 1862, supra.

The county attorney in his brief says:

"The defendant in his brief relied largely upon the fact that in the charge in the criminal complaint and under the evidence as shown at the preliminary hearing, the defendant could not be charged under section 510, C. O. S. 1921. It was not our intention to so charge the defendant under such section, but we have at all times proceeded under sections 1862 and 2720 of the Compiled Statutes of Oklahoma, 1921."

Section 2720, supra, reads as follows:

"Upon a trial for bigamy, it is not necessary to prove either of the marriages by the register, certificate or other record evidence thereof, but the same may be proved by such evidence as is admissible to prove a marriage in other cases, and when the second marriage took place out of the state, proof of that fact accompanied with proof of cohabitation thereafter in this state, is sufficient to sustain the charge."

Section 1500, C. O. S. 1921, provides:

"No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code. The words 'this code' as used in the 'penal code' shall be construed to mean 'statutes of this state.' "

In City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 Pac. 652, this court said:

"Penal statutes cannot be enlarged by implication or extended by inference. No person can be convicted of

a crime unless the act committed is within both the letter and the spirit of a penal statute."

In State v. Clifford, 3 Okla. Cr. 419, 106 Pac. 557, 558, this court, in the body of the opinion, said:

"The doctrine is fundamental in American law that there can be no constructive offenses, and that statutes are not to be extended by construction to cases not fairly and clearly embraced within their terms. Before a man can be punished, his case must be clearly and unmistakably within the statute; and, if there be any fair doubt whether the statute embraces it, that doubt is to be resolved in favor of the defendant."

Section 1500, C. O. S. 1921, provides that no act or omission shall be deemed criminal or punishable except as prescribed or authorized by the Code.

In U. S. Wiltberger, 5 Wheat. 76, 5 L. Ed. 37, Judge Marshall said:

"To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those which are enumerated."

As was said in Wilson v. State, supra:

"Our statute [1862] is directed solely against the second marriage. The subsequent cohabitation in this state is no part of the offense."

Section 2720 is not a penal statute; it is only a rule of evidence. The crime of bigamy is not enlarged by such statute.

Following the decision of this court in Wilson v. State, supra, the Legislature, in chapter 119, Session Laws

of 1925, amended section 510, C. O. S. 1921, to read as follows:

"A party desiring to appeal from a judgment granting a divorce, must within ten days after such judgment is rendered file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment. If notice be filed as aforesaid, the party filing the same may commence proceedings \* \* \* at any time within four months from the date of the decree appealed from and not thereafter. And it shall be unlawful for any person who has a living husband or wife to marry another person in any other state, within six (6) months from date of decree of divorcement granted in this state and cohabit with such second husband or wife in this state during said period. It shall be unlawful in any event for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement; and if notice be filed and proceedings in error be commenced as hereinafter provided, then it shall be unlawful for either party to such cause to marry any other person until the expiration of thirty days from the day on which final judgment shall be rendered pursuant to such appeal. Any person marrying or otherwise violating the provisions of this section shall be deemed guilty of bigamy."

This section enlarges the crime of bigamy in certain cases to include cohabitation within the state in addition to marriage outside of the state.

Under this section, two things must occur:

(1) There must be a marriage outside of the state after a divorce was granted and during the six months' period before the decree becomes final.

(2) The offending parties must return to this state and cohabit with each other during said prohibited period.

It is evident from a reading of this section that it has no application to a marriage outside of the state be-

fore a divorce is granted, even though the parties thereafter return to this state within the prohibited period and cohabit with each other as husband and wife.

The Legislature might have made the act broad enough to cover marriage outside of the state before divorce was granted, based upon cohabitation afterward in this state, but since they have not seen fit to do so, this court cannot extend its provisions to cover the case at bar.

In Stewart v. State, 4 Okla. Cr. 564, 109 Pac. 243, 32 L. R. A. (N. S.) 505, this court said:

"It is the exclusive province of the Legislature to declare what shall constitute a crime, but it is the duty of the courts to determine whether a particular act done or omitted is within the intendment of a general statute."

Under the facts disclosed in this case, a prosecution for the crime of bigamy will only lie in the state of Kansas.

For the reasons stated, the writ is allowed.

EDWARDS, J., concurs.  DAVENPORT, P. J., absent.