# Ex parte LEROY WARD.

No. A-10935.   Dec. 3, 1947.

(187 P. 2d 250.)

Clem H. Stephenson, of Wewoka, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Jack Scott, County Atty., and Buck Cartwright, First Asst. County Atty., both of Wewoka, Seminole County, Oklahoma, for respondent.

BRETT, J. Leroy Ward filed a petition in this court for writ of habeas corpus alleging that he was illegally restrained of his liberty by Ray Rich, sheriff of Seminole county, and confined in the county jail of said county.

Petitioner alleges the cause of his restraint is that he is charged with the crime of bigamy in a criminal complaint, the charging part of the complaint being in words and figures as follows:

"That at and within the County of Seminole and State of Oklahoma, on the 7 day of June, 1947, and prior to filing of this complaint, Leroy Ward, then and there being, did then and there willfully, unlawfully, knowingly and feloniously, while then and there being a married man whose lawful wife, Ida Lee Ward was then and there living, and whose marriage thereto had not then and there been dissolved, annulled or pronounced void by the Court or tribunal of competent jurisdiction and authority, did marry one Jessie Willie Doolen in the City of Van Buren, Arkansas, State of Arkansas, and thereafter, to wit: On the 7 day of June, 1947, while said wife Ida Lee Ward was then and there living and his said marriage thereto had not been dissolved, annulled or pronounced void by any Court or tribunal of competent jurisdictional authority, the said Leroy Ward did then and there unlawfully, willfully and feloniously live and co-habit with the said Jessie Willie Doolen as husband and wife in the County of Seminole, and, contrary to the form of the Statute in such cases made and provided, against the peace and dignity of the State of Oklahoma."

The gist of petitioner's contentions are that the foregoing complaint fails to state a cause of action for the reason that the purported crime is alleged to have been committed in Van Buren, Ark., and thus, outside the territorial limits of the State of Oklahoma; that under the Constitution of the State of Oklahoma, petitioner is entitled to be tried where the crime is committed; said alleged crime having been committed in the State of Arkansas, the State of Oklahoma is without jurisdiction or venue in the premises. To this petition the state made response, alleging that the petitioner was held in lawful custody by virtue of commitment made before a committing magistrate.

The crime of bigamy is defined in Title 21 O. S. A. § 881, as follows, to wit:

"Every person who having been married to another who remains living, marries any other person except in the cases specified in the next section is guilty of bigamy."

In Title 21 O. S. A. § 882 are various exceptions to § 881, none of which apply herein.

It is apparent from the foregoing definition of bigamy that the act made criminal is the second marriage to another by one who has a living husband or wife, as the case may be. The crime is complete when the second marriage is solemnized. Subsequent cohabitation forms no part of the crime. Such is the holding of this court in Cleveland v. State, 41 Okla. Cr. 108, 271 P. 863, wherein the court had under consideration the precise contention advanced by the petitioner herein. In the Cleveland case, the accused was charged in Caddo county with the crime of bigamy by reason of a second marriage consummated in Grady county and subsequent cohabitation in Caddo county. This court reversed the case on the grounds that the defendant could not be prosecuted in any other county than that of Grady, where the bigamous marriage was consummated. In so holding, this court said:

"Since subsequent cohabitation under this statute does not constitute bigamy, the offense charged was not committed in Caddo county. Section 20, art. 2, of the State Constitution in part provides:

" 'In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. * * *' "

"Since the bigamous marriage was entered into in Grady county, defendant was entitled to a 'speedy and public trial by an impartial jury' of that county. He could not be prosecuted in any other county. The district court of Caddo county was without jurisdiction."

To the same effect is Wilson v. State, 16 Okla. Cr. 471, 184 P. 603, wherein the court said:

"The penal provisions of section 4971, Revised Laws 1910 [12 O. S. 1941 § 1280], are directed solely against the remarriage of either party to a divorce proceeding to any other person within six months immediately subsequent to the rendition of the decree of divorce. Held, the jurisdiction of a prosecution under such statute is in the county where the second marriage takes place * * *."

If this be true, as to such cases sought to be prosecuted in a county other than where the crime was committed, within the state, it would most assuredly follow that such an interpretation would apply as to cases where the crime was committed by the consummation of a bigamous marriage, outside the state of Oklahoma. See 10 C. J. S. Bigamy § 5, subsection (c), reading in part as follows:

"Cohabitation under the second marriage is not requisite, but the offense of bigamy is committed when the second marriage is solemnized." See note 70, and "only the state in which second marriage was solemnized has jurisdiction"—10 C. J. S. Bigamy, § 5, subsec. d, note 73.

Such was the situation confronting the court in Ex parte Gresham, 53 Okla. Cr. 425, 12 P. 2d 709, wherein the court had under consideration a second marriage alleged to have been bigamously entered into in Sumner county, Kans., with subsequent cohabitation in Kay county, Okla. In that case, it was held, the gist of the crime was the unlawful second marriage to another, while still married to a living spouse. Therein this court held that the State of Oklahoma was without jurisdiction to prosecute under the bigamy statute; the marriage having been consummated in Kansas, the prosecution could only be maintained in Kansas. The Gresham case was presented to this

court by petition in habeas corpus, the writ granted, and the petitioner ordered discharged.

Such is the situation herein involved. Here the complaint alleges the bigamous marriage was consummated in Van Buren, Ark. Therefore, the action must fail for want of jurisdiction by reason of lack of venue. The writ of habeas corpus is accordingly allowed, the action pending in Seminole county, Okla., ordered dismissed, and the petitioner released.

BAREFOOT, P. J., and JONES, J., concur.