COMMONWEALTH of Pennsylvania,
Appellee

v.

Hap Al SEIDERS, Appellant.

Superior Court of Pennsylvania.

Argued June 9, 2010.
Filed Oct. 25, 2010.

George H. Matangos, Lemoyne, for appellant.

Francis T. Chardo, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: MUSMANNO, LAZARUS, and OLSON, JJ.

OPINION BY LAZARUS, J.:

Hap Al Seiders ("Seiders") appeals from his judgment of sentence entered in the Court of Common Pleas of Dauphin County following his conviction for bigamy. The issue before us is whether the Court of Common Pleas of Dauphin County has subject matter jurisdiction over the offense of bigamy where the second marriage took place in Las Vegas, Nevada. Because jurisdiction lies in Nevada, where the second, offending marriage occurred, we conclude that the trial court lacked subject matter jurisdiction to convict Seiders of bigamy, and, therefore, we reverse.

The parties agree to the following facts. On December 30, 1983, Seiders married in Perry County, Pennsylvania. A divorce action was commenced in Dauphin County on December 19, 2002. On June 22, 2006, while still legally married to his wife in Pennsylvania, Seiders married his then girlfriend in Las Vegas, Nevada. On June 28, 2007, a Massachusetts court annulled Seiders' Nevada marriage.

On March 12, 2008, Seiders was charged in Dauphin County with bigamy. On June 10, 2008, by order, the charge was dismissed for lack of jurisdiction because the crime occurred in Nevada and not in Pennsylvania. By order dated August 21, 2008, the charge was reinstated. On May 8, 2009, after a bench trial, the court convicted Seiders of bigamy. On August 19, 2009, Seiders was sentenced to community service and intermediate punishment and ordered to pay fines and costs. Seiders filed the instant appeal wherein he raises the following issues for our review:

WHETHER THE TRIAL COURT LACKED THE SUBJECT MATTER JURISDICTION TO CONVICT [SEIDERS] OF BIGAMY BECAUSE THIS CRIME OCCURS WHERE THE ACT OF MARRYING THE SECOND INDIVIDUAL TAKES PLACE, WHICH WAS THE STATE OF NEVADA HERE?

WHETHER THE ANNULMENT OF THE MARRIAGE IN QUESTION BEFORE [SEIDERS] WAS EVER CHARGED WITH BIGAMY, WHICH RENDERED SUCH MARRIAGE NULL AND VOID, MEANS THAT HE COULD NOT NOW BE CONVICTED OF BIGAMY BECAUSE THE BIGAMOUS ACT WAS THE MARRIAGE ITSELF WHICH NO LONGER EXISTS AND, THEREFORE, THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT?

Appellant's Brief, at 5.

Seiders first contends that the trial court lacked subject matter jurisdiction to convict him of bigamy, under 18 Pa.C.S.A. § 4301(a), because the bigamous marriage took place in Nevada and the crime of bigamy occurs "where the act of marrying the second individual takes place." Appellant's Brief, at 9. We agree.[1]

Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. *Commonwealth v. Bethea*, 574 Pa. 100, 828 A.2d 1066, 1074 (2003). Jurisdiction is purely a question of law; the appellate standard of review is *de novo*

---

1. Due to our disposition of this issue, we do not address the second issue raised on appeal.

and the scope of review plenary. *Commonwealth v. John*, 854 A.2d 591, 593 (Pa.Super.2004). Seiders was charged with violating section 4301 of the Crimes Code. Controversies stemming from violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. *Bethea*, 828 A.2d at 1074; 18 Pa.C.S.A. § 102. All jurists within that tier of the unified judicial system are competent to hear and resolve a matter arising out of the Crimes Code. *Bethea*, 828 A.2d at 1074; Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system); 42 Pa. C.S.A. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

■ While each court of common pleas in this state possesses the same subject matter jurisdiction to decide cases arising under the Crimes Code, that "jurisdiction should only be exercised beyond the territorial boundaries of the judicial district in which it sits in the most limited of circumstances." *Bethea*, 828 A.2d at 1074.

> The law is clear that the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not[.] For a county to take jurisdiction over a criminal case, some overt act involved in that crime must have occurred within that county. In order to base jurisdiction on an overt act, the act must have been essential to the crime, an act which is merely incidental to the crime is not sufficient.

*Commonwealth v. Boyle*, 516 Pa. 105, 532 A.2d 306, 309–310 (1987).[2]

Section 4301(a) provides that: "A married person is guilty of bigamy, a misdemeanor of the second degree, if he contracts or purports to contract another marriage."[3] Section 4301 contains no jurisdictional provision and does not address when and where the crime of bigamy occurs. Since section 4301's adoption, Pennsylvania courts have not dealt with a jurisdictional challenge to a bigamy conviction arising from an out-of-state marriage.

■ Resolution of this issue involves our interpretation and application of a statute, for which our standard of review is plenary. *Commonwealth v. Baird*, 856 A.2d 114, 115 (Pa.Super.2004). The Statutory Construction Act dictates our approach. 1 Pa.C.S.A. § 1921; *Baird*, 856 A.2d at 115. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a); *Gaudio v. Ford Motor Co.*, 976 A.2d 524, 536 (Pa.Super.2009). "When the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage," and the "letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." *Commonwealth v. Love*, 957 A.2d 765, 767 (Pa.Super.2008); *Commonwealth v. Bradley*, 575 Pa. 141, 834 A.2d 1127, 1132 (2003) ("As a general rule, the best indication of legislative intent is the plain language of the statute."); 1 Pa.C.S.A. § 1921(b). When the words of a statute are not explicit, *the former law on the subject* is one of the matters that may be considered in order to ascertain

---

**2.** The *Boyle* decision was later vacated and remanded on other grounds as a result of after-discovered evidence. *Commonwealth v. Boyle*, 533 Pa. 360, 625 A.2d 616 (1993).

**3.** Section 4301 contains exceptions that are not at issue.

the intent of the legislature. *See* 1 Pa. C.S.A. § 1921(c)(5) (emphasis added).

While section 4301(a) does not say when and in what place the offense of bigamy occurs, earlier Pennsylvania case law directs that subject matter jurisdiction lies where the second marriage takes place; as that is the place where and the time when the crime of bigamy occurs. *See Commonwealth v. Swader*, 24 Pa. D. C.2d 682 (Pa.Quar.Sess.1961); *Commonwealth v. Beckman*, 23 Pa. D. 883 (Pa. Quar.Sess.1914); *Gise v. Commonwealth*, 81 Pa. 428, 431 (1876).

In *Gise*, the Pennsylvania Supreme Court reversed defendant's bigamy conviction. The Court concluded: (1) that the "gravamen" of the offense of bigamy is the entry into the second marriage; (2) that the crime is completed at the time of the second marriage; (3) that bigamy is not a continuing offense; and (4) that "the indictment for bigamy is always, under our practice, *found within the jurisdiction where the second marriage took place.*" *Id.* at 430–32 (emphasis added).

Similarly, in *Beckman*, defendant was indicted for bigamy. Defendant had married lawfully in Philadelphia and then, while still married, married another in Maryland. The court held that the crime of bigamy is "*committed only at the time when* and *in the place where the second marriage occurs* and the second wife taken." *Id.* at 884 (emphasis added). The court noted that Pennsylvania could not punish the defendant for his "misdeeds" occurring in Maryland. The court then arrested judgment because the offending marriage occurred in Maryland and not in Pennsylvania.

Likewise, in *Swader*, defendant was charged with bigamy. Defendant had married lawfully in Philadelphia and then, while still married, married another in South Carolina. The court quashed the bigamy indictment for lack of jurisdiction because the offending marriage took place in South Carolina, and not in Pennsylvania. *Id.* at 685.

In both *Gise* and *Beckman*, the courts applied the same definition of bigamy, which made it a misdemeanor offense: "If any person shall have two wives or two husbands at one and the same time." *See Gise*, 81 Pa. at 431; *Beckman*, 23 Pa. D. at 883. In *Swader*, bigamy was defined similarly under the Penal Code, 18 P.S. § 4503, as:

> Whoever, having entered into a contract of marriage with another person, whether the marriage is valid in law or not, which marriage has not been dissolved by death, divorce or annulment, goes through any form of marriage, recognized as binding under the laws of this Commonwealth with any other person, whether the parties thereto cohabit thereafter as man and wife or not, is guilty of bigamy[.]

*Id.* Section 4503 reenacted the 34th and 35th sections of the Act of March 31, 1860, P.L. § 382, upon which *Gise* and later *Beckman* were decided.[4] Thus, while the wording of section 4301 differs slightly from earlier law on the subject, the general prohibition that Pennsylvania courts have applied, since *Gise*, has remained the same: making it a crime for a lawfully married person to marry another. Absent a clear legislative directive, there is no reason to abandon the holdings of *Gise*, *Beckman*, and *Swader*. We, therefore, conclude, consistent with these cases, that

---

4. In *Beckman*, the bigamy charge was founded under the Act of March 27, 1903, P.L. § 102, which re-enacted the 34th and 35th sections of the Act of March 31, 1860, P.L. § 382.

for purposes of section 4301, jurisdiction is found where the second, offending marriage is contracted or purported to be contracted, as that is when and where the crime of bigamy occurs.[5] *Boyle, supra.*

The Commonwealth does not challenge the holdings of *Gise, Beckman*, and *Swader*; rather, the Commonwealth distinguishes these cases as having been decided before the enactment of the Crimes Code, which became effective on June 6, 1973. *See* 18 Pa.C.S.A. § 101. The Commonwealth contends that under 18 Pa.C.S.A. § 102, which relates to the territorial applicability of the Crimes Code, the trial court had jurisdiction over this matter because bigamy's first element, being married, is conduct that occurred in Pennsylvania. We disagree.

Section 102(a)(1) provides that:

§ 102. Territorial Applicability. (a) General rule.—Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct ... if ...:

(1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth.

*Id.* An element of an offense is defined as: "Such conduct or attendant circumstances or such a result of conduct[,]" as is "included in the description of the forbidden conduct in the definition of the offense." *See* 18 Pa.C.S.A. § 103. Conduct is defined as: "An action or omission and its accompanying state of mind, or, where relevant, a series of acts and omissions." *Id.* Section 103 does not define an attendant circum-

stance; Black's Law Dictionary defines it as an accompanying fact, event, or condition. *See* Black's Law Dictionary 236 (7th ed.1999). A fact can be defined as: "something that actually exists; an aspect of reality." *Id.*

Of bigamy's two elements, the first element, being married, is an attendant circumstance or accompanying fact of the actor's being; it is not conduct as the Commonwealth maintains. To be considered married, one must first marry. The former becomes an "aspect of reality" or fact, accompanying the actor's being upon completion of the latter, the act. Under section 102(a)(1), *only* that "conduct which is an element of the offense" that occurs in Pennsylvania will give rise to jurisdiction. Because the first element of the crime of bigamy is an attendant circumstance, and attendant circumstances were omitted from section 102(a)(1), this section cannot extend jurisdiction to crimes where an attendant circumstance, that is an element of the offense, originates or occurs in Pennsylvania. Accordingly, the Commonwealth's jurisdictional argument fails.

Had the legislature intended for attendant circumstances originating in Pennsylvania to give rise to jurisdiction under section 102(a)(1) it would have included this language in section 102(a)(1) as it included it in section 103 when defining the three types of elements of an offense. *See Commonwealth v. Morris,* 958 A.2d 569, 579 (Pa.Super.2008) ("A presumption [ ] exists that the legislature placed every word, sentence and provision in the statute for some purpose and therefore courts must give effect to every word."); *Com-*

---

5. Section 4301(a) mirrors section 230.1 of the Model Penal Code. *See* 18 Pa.C.S.A. § 4301, Official Comment. Other states adopting similar statutes hold that jurisdiction lies in the state where the offending marriage takes place. *See State v. Ishaque,* 312 N.J.Super.

207, 711 A.2d 416 (1997); *People v. Hess,* 286 A.D. 617, 146 N.Y.S.2d 210 (N.Y.App.Div. 1955); *Green v. State,* 232 Ind. 596, 115 N.E.2d 211 (1953); *Ex parte Ward,* 85 Okla. Crim. 281, 187 P.2d 250 (1947); *State v. Stephens,* 118 Me. 237, 107 A. 296 (1919).

monwealth v. Bigelow, 484 Pa. 476, 399 A.2d 392, 395 (1979) ("Where a section of a statute contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed."); *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961, 965 (1994) ("Where a legislature includes specific language in one section of a statute and excludes it from another, that language should not be implied, where excluded."); *Bradley,* 834 A.2d at 1132 (Pa. 2003) ("As general rule, the best indication of legislative intent is the plain language of the statute.").

The crime of bigamy, under section 4301, is committed at the time when and in the place where the second marriage is contracted or purported to be contracted. *See Gise, supra; Beckman, supra; Swader, supra.* It is that place where subject matter jurisdiction over the crime is properly found and where prosecution may be had. In this case that is Nevada, not Pennsylvania. The trial court was, therefore, without subject matter jurisdiction to convict Seiders of bigamy under section 4301(a). Accordingly, we reverse Seiders' conviction.

Judgment of sentence reversed. Appellant is discharged.