J-S45005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ANDREW CLOUSE, | |
| Appellant | No. 2619 EDA 2012 |

Appeal from the PCRA Order August 21, 2012
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002079-2010

BEFORE:  BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 13, 2014**

Michael Andrew Clouse appeals from the August 21, 2012 order denying him PCRA relief.  We affirm.

Appellant was charged with various offenses in connection with a traffic accident that occurred at around 7:00 p.m. on February 18, 2010. Appellant's red Chevrolet pickup truck with an attached snow plow left its lane of travel and struck Tiffany Buskirk's car.  The accident occurred at the intersection of Lil Wolf Circle and Lil Wolf Drive, North Whitehall Township. After the truck left the scene, police were summoned.   The victim's boyfriend, Anthony Earl, lived close to the accident site, heard Ms. Buskirk screaming, and arrived at the scene of the accident before police.   He

_____

[*]  Former Justice specially assigned to the Superior Court.

followed the wet tire tracks left by the red pickup truck to 4202 Silver Fox Court, where it was parked. Ms. Buskirk gave police a partial license plate number and stated that the operator was a white male in his late 30s with dark unkempt hair. Police then met with Mr. Earl, who directed them to 4202 Silver Fox Court and the truck parked in its driveway.

At approximately 7:45 p.m., police interviewed the resident of 4201 Silver Fox Court, Christopher Walz, who said that Michael Clouse lived at 4202 Silver Fox Court and used the red pickup truck parked there. Police approached 4202 Silver Fox Court and observed Appellant sleeping on the couch. They then showed Ms. Buskirk Appellant's driver's license photograph, and she identified him as the driver of the vehicle that struck her.

Police returned to 4202 Silver Fox Court at 8:20 p.m. and roused Appellant, who appeared intoxicated. Appellant failed field sobriety tests, was arrested and transported to the hospital where his blood was drawn. His blood alcohol content was .34%. At the time, Appellant's driving privileges were suspended—DUI related.

On April 25, 2011, Appellant pled guilty to driving under the influence, highest rate of alcohol, as a third offense. He was sentenced to one to five years imprisonment. That sentence was imposed concurrently to a sentence resulting from the revocation of an earlier probationary term. Specifically, Appellant pled guilty to simple assault at Lehigh County criminal action

number 267-2010, and received six months probation on April 6, 2010. Thus, when he was convicted herein, that offense resulted in a violation of probation in the simple assault case. Appellant admitted to the violation, and he was sentenced to three to twelve months therein.[1]

On April 17, 2012, Appellant filed a timely PCRA petition in which he sought to withdraw his April 25, 2011 guilty plea to DUI entered in the present criminal action. Appellant's position was that he was entitled to relief from his plea because: 1) the trial court lacked jurisdiction over his criminal convictions committed in Lehigh County; 2) he was not informed of his status as a citizen; 3) he was not charged by a grand jury; and 4) there were unspecified due process violations during the proceedings. Counsel was appointed and filed an amended petition. That petition raised a single claim that Appellant's guilty plea was coerced by ineffective assistance of counsel because counsel told him that if he was convicted at a jury trial, he would receive a sentence of two and one-half to five years in jail, and because counsel was not prepared to go to trial.

The matter proceeded to a hearing on August 21, 2012. At that hearing, Appellant stated that he wanted to withdraw the PCRA petition. That desire was premised upon the following. Appellant was due to be paroled to a halfway house but had to be physically present in the state

_____

[1] The present appeal involves only the DUI case.

- 3 -

prison in order to be released. Since he was located in the county facility to appear at the PCRA hearing, Appellant wanted to be immediately transferred so that he would be eligible for release.

After some discussion over whether it would be physically feasible to transfer Appellant in time for his release date, which appeared doubtful from the record of the PCRA proceeding, the court indicated that it would attempt to ensure that Appellant would be transported. The PCRA court then granted Appellant's request to withdraw the PCRA petition. N.T. PCRA Hearing, 8/21/13, at 13-14. Appellant filed a *pro se* appeal from the August 21, 2013 order granting his petition to withdraw the PCRA petition.

We thereafter ordered a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Appellant then elected to proceed with private counsel, who filed a petition for transcription of the pertinent hearings and a motion for remand of the record. That relief was granted without formal disposition of the two motions. Counsel then filed with this Court a petition to withdraw and no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the no-merit letter, counsel concluded that any issues raised in the timely PCRA petition were waived when Appellant requested and was granted the right to withdraw it. Counsel also opined that, even if not waived, the issues did not warrant relief.

Initially, we examine whether counsel satisfied the procedural requirements for withdrawal. *Commonwealth v. Doty*, 48 A.3d 451 (Pa.Super. 2012):

> Counsel petitioning to withdraw from PCRA representation must proceed under *Turner*, *supra* and *Finley*, *supra* and must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id*. at 454 (citation omitted).

Herein, counsel indicates in his petition to withdraw that he reviewed the case file, Appellant's petition, and the transcripts from the guilty plea, sentencing, and PCRA hearings. He represents that the appeal from the dismissal of the PCRA petition is without merit. In the no-merit letter, counsel details that any contention in the PCRA petition was waived when Appellant asked to withdraw that petition. Counsel further indicates that, even if not waived, based upon his review of the guilty plea transcript, written colloquy, and sentencing transcript, he believes that the issues

- 5 -

presented in the PCRA petition lacked merit. The no-merit letter delineates the legal basis for these opinions. Counsel advised Appellant by letter of his assessment of the appeal, that he petitioned this Court to withdraw as counsel, and that Appellant had the right to proceed *pro se* or with privately-retained counsel.

Thus, counsel has satisfied the procedural requirements for withdrawal. We now examine the merits. We first confront the question of whether there are any issues preserved for appeal. While Appellant specifically asked to withdraw his PCRA petition at a hearing, we do not view that action, in the context of the present circumstances, as constituting waiver. First, Appellant's withdrawal was premised upon his ability to be transported to state prison in time for his release date to the halfway house. Given that Appellant subsequently filed an appeal from the grant of his motion to withdraw the PCRA petition, we could assume that he was not released on parole into a halfway house. The PCRA transcript supports that Appellant was unlikely to be timely transferred to state prison.

Additionally, it was unnecessary to withdraw the petition in the first instance. If Appellant needed a transfer to state prison, that action could have occurred without withdrawal of the petition. The appropriate action would have been for counsel to ask that the hearing be postponed rather than to totally abandon the request for PCRA relief.

The withdrawal of a PCRA petition will operate as a waiver of all issues so long as that withdrawal is knowing and voluntary. *See Commonwealth Williams*, 828 A.2d 981, 987-88 (Pa. 2003); *Commonwealth v. Shaffer*, 569 A.2d 360 (Pa.Super. 1990). Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time."). Our review of the PCRA transcript reveals that Appellant was not informed of the consequences of withdrawal—that he would not be eligible to receive review of his contentions if he failed to be paroled. In the absence of an informed waiver, we cannot rule that the present withdrawal constitutes waiver. We therefore proceed to analyze the claims raised.

As our Supreme Court recently articulated: "Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). The applicable law is that "when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stadley*, 50 A.3d 769, 771 (Pa.Super. 2012).

In the *pro se* petition, Appellant raised two jurisdictional challenges pertaining to the voluntariness of his plea. Counsel herein correctly outlines the issues raised in the *pro se* PCRA petition and establishes their frivolity.

First, Appellant maintained that the trial court lacked subject matter jurisdiction. "Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *Commonwealth v. Seiders*, 11 A.3d 495, 496-97 (Pa.Super. 2010). The court of common pleas within this Commonwealth possesses subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code if that jurisdiction, except in limited situations, is exercised within the territorial boundaries of the judicial district in which the court sits. *Commonwealth v. Bethea*, 828 A.2d 1066, 1075 (Pa. 2003). Herein, the record establishes that Appellant's DUI occurred in Lehigh County, and the court of common pleas of Lehigh County had jurisdiction over the matter. This position is therefore without merit.

Appellant also raised the issue of a lack of a grand jury indictment. Pursuant to a 1976 amendment, the Pennsylvania Constitution now permits criminal prosecution of an individual through an information rather than an indicting grand jury in any county given approval to proceed by information rather than grand jury. *Commonwealth v. Webster*, 337 A.2d 914 (Pa. 1975). Under 42 Pa.C.S. § 8931(c), "The several courts of common pleas which have obtained the approval of the Supreme Court to provide for the initiation of criminal proceedings by informations instead of by grand jury indictments, shall possess and exercise the same power and jurisdiction as

they heretofore possessed in cases of prosecutions upon indictments." As Lehigh County is permitted to proceed by information, it had jurisdiction herein even though Appellant was not indicted by a grand jury.

Appellant also averred that his plea was unknowing and involuntary since he was not aware of the nature of the proceedings and charges and since he was not informed of his citizen status. Pa.R.Crim.P. 590(A) requires a guilty plea to be accepted in open court. A judge is not permitted to accept the guilty plea until he determines that the plea is voluntarily and understandingly tendered and that assessment must appear on the record. Pa.R.Crim.P. 590(A)(3). The comment to Pa.R.Crim.P. 590 indicates that it codified prior law containing these mandates, and further indicates:

> At a minimum the judge should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

> (7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

In this case, the court set forth that Appellant was pleading guilty, the factual basis for the guilty plea, and the offense to which Appellant pled guilty. N.T. Guilty Plea and Sentence, 4/25/11, at 1, 4. Appellant represented that he read and understood his written guilty plea colloquy wherein he admitted that the elements of driving under the influence of alcohol were explained to him. Thus, his position that he was not aware of the nature of the proceedings and charges is refuted by the record.

As outlined above, a defendant does not have to be informed of his citizen status in order to enter a knowing and voluntary guilty plea. Appellant's position in this respect appears to implicate the fact that entry of a guilty plea to certain offenses can result in deportation. Hence, if a resident alien pleads guilty, he must be informed about the consequences of the plea on his ability to remain in the United States. *Padilla v. Kentucky*, 559 U.S. 356 (2010). However, Appellant is an American citizen. Thus, Appellant's "citizen status" is not relevant to the voluntariness of the present guilty plea because he cannot be deported.

We have reviewed the unspecified due process allegations raised in the *pro se* petition and find that PCRA counsel correctly concluded that they lacked merit. Appellant had the assistance of counsel, and, after a complete colloquy, admitted that he committed the offense in question.

- 10 -

As required by the above-cited case law, we now must conduct our own review of the merits of the case. We have discovered one other issue presented to the PCRA court. That issue was raised in the amended PCRA petition by appointed counsel. The allegation therein was that Appellant's guilty plea was unlawfully induced because plea counsel was unprepared for trial and forced Appellant to plead guilty by threatening Appellant that he would receive a higher sentence if he proceeded to trial.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Timchak*, 69 A.3d 765, 769-70 (Pa.Super. 2013) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012)).

In this case, Appellant's allegations of coercion must fail since he affirmatively stated at the colloquy that it was his choice to plead guilty and that no one forced or threatened him into entering the plea. N.T. Guilty Plea, 4/25/11, at 3. Appellant also indicated that he was satisfied with his

- 11 -

attorney's representation. *Id*. at 3-4. A criminal defendant "is bound by [any] statements" made during a plea colloquy since they were "made in open court while under oath," and thus, a defendant cannot assert "grounds for withdrawing the plea which contradict the statements" made at the plea colloquy. ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa.Super. 2013). In this case, Appellant stated at the plea colloquy that his plea was not coerced and that he was satisfied with his attorney. He thus cannot now withdraw his guilty plea based upon contrary assertions. We thus concur, after an independent review of the record, that there are no issues of merit and that counsel may withdraw.

Appellant's Motion for Transcription and Production of Notes of Testimony dated October 31, 2012 is dismissed as moot. Appellant's Application for Remand of the Record dated December 12, 2012 is dismissed as moot. The application of Charles A. Banta, Esquire, to withdraw as counsel is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2014

- 12 -