J-S01007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK JERRID DORTCH | : | |
| | : | |
| Appellant | : | No. 1086 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 4, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000158-2021

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY BOWES, J.:                **FILED:  FEBRUARY 1, 2022**

Frank Jerrid Dortch appeals *pro se* from the judgment of sentence of one to two months of incarceration imposed following a trial *do novo* for the summary offense of driving while under suspension.  We affirm.

We provide the following background.  On October 17, 2020, Appellant was cited for driving while under suspension for the fourteenth time.  After a summary trial, a magisterial district judge found Appellant guilty.  Appellant filed a summary appeal to the court of common pleas for a trial *de novo*.  In the court of common pleas, Appellant filed a motion to consolidate the instant case with a separate summary driving while under suspension case that was then pending on appeal with this Court, and to stay the proceedings until this

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court resolved that appeal.[1]  The trial court denied the motion because the two cases involved separate incidents.  Appellant proceeded to a nonjury trial, at the conclusion of which the court found him guilty and sentenced him as indicated hereinabove.

This appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.  On appeal, Appellant argues that the trial court lacked jurisdiction to hold the trial *de novo* because the government's inability to protect its citizens from the COVID-19 pandemic voided both "our constitutional government's contract" and his license suspension.  Appellant's brief at 14-15, 17.[2]  The trial court found Appellant's argument "nonsensical and incomprehensible."  Trial Court Opinion, 8/24/21, at 1-2.  While we comprehend the crux of Appellant's argument, we agree that it is not sound.

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary."  **Commonwealth v. Seiders**, 11 A.3d 495, 496–97 (Pa.Super. 2010).  "When a defendant appeals after the entry of . . . a conviction by an issuing authority in any summary proceeding,

---

[1] On December 10, 2021, this Court affirmed the trial court's order in that case.  **Commonwealth v. Dortch**, ___ A.3d ___, 2021 WL 5858540 (Pa.Super. 2021) (non-precedential decision).

[2] We observe that Appellant raised six issues in his statement of questions, **see** Appellant's brief at 7, but included only one argument section in violation of our rules of appellate procedure.  **See** Pa.R.A.P. 2119(a).  Nonetheless, his issues all revolve around the same argument:  that the United States violated a social contract when it failed to protect its citizens during the COVID-19 pandemic, and therefore the court lacked jurisdiction to try, convict, or sentence Appellant.  Thus, we decline to find Appellant's non-compliance with our rules of appellate procedure fatal to this appeal.

. . . the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(A). "The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial[.]" Pa.R.Crim.P. 462(G).

Instantly, Appellant was charged with the summary offense of driving while his license was suspended. A magisterial district judge convicted him following a summary trial. Appellant appealed that conviction to the court of common pleas pursuant to Rule 462 for a trial *de novo*. In accordance with that rule, the trial court held a nonjury trial, found Appellant guilty, and sentenced him as indicated hereinabove. Upon review, it is evident from the record that the trial court had jurisdiction to try, convict, and sentence Appellant. While we appreciate the inherent difficulties that may be associated with relying on transportation other than one's own vehicle during a pandemic, Appellant points to no authority that those difficulties voided his license suspension or permitted him to drive on public roadways while his license was suspended without consequence. Accordingly, we conclude that his claim on appeal is without merit and the trial court had jurisdiction to try, convict, and sentence Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/01/2022</u>