**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Jeffrey D. SODER, Appellant.**

**Commonwealth of Pennsylvania,**
Appellee,

v.

**Barbara L. Radle, Appellant.**

Superior Court of Pennsylvania.

Submitted May 2006.
Filed July 14, 2006.
Reargument Denied Sept. 15, 2006.

Jeffrey D. Soder, Pro Se.

Barbara L. Radle, Pro Se.

Daniel W. Stern, Assistant District Attorney, New Bloomfield, for Commonwealth, appellee.

BEFORE: DEL SOLE, P.J.E., HUDOCK and McCAFFERY, JJ.

OPINION BY DEL SOLE, P.J.E.:

¶ 1 We have before us four separate appeals involving two Appellants. Appellant, Barbara L. Radle, was convicted of violating 75 Pa.C.S.A. § 1575(a) for permitting Appellant, Jeffery Soder, to drive her vehicle while his operating privileges

were revoked. Her appeal is docketed at 2076 MDA 2005.

¶ 2 The remaining appeals all involve Mr. Soder. At docket numbers 2075 & 2113 MDA 2005, he was convicted of violations of 75 Pa.C.S.A. § 1543. At 688 MDA 2005, he was convicted of violating § 1543, along with §§ 1301(a) and 4703(a) of the Motor Vehicle Code.

¶ 3 The genesis of these matters is Mr. Soder's poor driving record. Since 1979 he has had a series of suspensions and restorations of his driving privileges. In 1994, he earned another suspension, and prior to the convictions in these appeals, his repeated series of violations made him ineligible for restoration of his license until the year 2017. During his period of suspension, Mr. Soder moved to Costa Rica and obtained an international driving permit under the provisions of the United Nations Convention on Road Traffic. Following his return to Pennsylvania, he has maintained that this permit issued under the Convention, signed by the United States, permits him to drive in Pennsylvania irrespective of his suspension here.

■ ¶ 4 While Appellants' briefs are woefully inadequate, which would permit us to quash these appeals, *see* Pa.R.A.P. 2101, we have elected to review these matters and begin by addressing two general issues raised by Appellants. First, they claim that the trial court lacked jurisdiction in these cases. They suggest that the proper forum for violations of the motor vehicle code is an administrative body. Appellants fail to understand that they have been charged with summary offenses and jurisdiction is properly before the judiciary. *See* 42 Pa.C.S.A. §§ 932, 1515.

■ ¶ 5 Next they claim that the international driving permit issued to Mr. Soder authorizes him to operate a vehicle in Pennsylvania although the Commonwealth

has suspended his driving privileges. A like matter was addressed in *Busby v. State of Alaska,* 40 P.3d 807 (Alaska App. 2002). In a comprehensive opinion authored by Judge David Mannheimer, the court rejected the proposition that such a permit authorizes a resident, whose driving privileges have been revoked, to operate a vehicle in the revoking state. We are persuaded by this opinion and adopt the analysis of the Alaska court. An international driving permit issued pursuant to the United Nations Convention on Road Traffic does not permit a Pennsylvania resident whose driving privileges had been suspended to operate a motor vehicle in Pennsylvania.

¶ 6 In addressing each separate appeal, we note that in the cases on appeal at 2075 and 2076 MDA 2005, Appellants did not appear for the scheduled hearing and the trial court dismissed the appeals and entered judgment on the judgment of the issuing authority pursuant to Pennsylvania Rule of Criminal Procedure 462(D). Finding the trial court's action appropriate, we affirm.

¶ 7 In the case underlying the appeal at 2113 MDA 2005, Mr. Soder appeared, waived his right to counsel, and following trial, was convicted of two separate § 1543 violations. There being no error, we affirm.

■ ¶ 8 At 688 MDA 2005, Mr. Soder appeals his convictions obtained following a hearing where he was unrepresented by counsel. He was convicted of violating 75 Pa.C.S.A. § 1301(a) and § 4703(a), summary convictions for which he received a sentence of fine and costs. We affirm these convictions. However, Mr. Soder was also convicted of violating 75 Pa.C.S.A. § 1543, and based on that conviction, he was ordered to serve a sentence of imprisonment for 90 days. Pennsylvania Rule of Criminal Procedure 454(A) provides that a

**504**

defendant on trial in a summary case in which there is a reasonable likelihood of a sentence of imprisonment shall be provided with counsel if indigent. The District Attorney's office has, in the highest traditions of professionalism, acknowledged in its brief the trial court's failure to advise Mr. Soder of his right to counsel in accordance with the requirements of Rule 454(A). Accordingly, as to the appeal of this conviction, we vacate Appellant's judgment of sentence, reverse his conviction, and remand for a new trial, prior to which appropriate action under Rule 454(A) may be undertaken.

¶ 9 Judgments of sentence affirmed at 2075, 2076, and 2113 MDA 2005. Judgment of sentence affirmed in part and vacated and remanded in part at 688 MDA 2005. Jurisdiction relinquished.