J-S59012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN J. SHINE, | |
| Appellant | No. 2566 EDA 2015 |

Appeal from the Judgment of Sentence Entered July 20, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007265-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 18, 2016**

Appellant, Bryan J. Shine, appeals from the judgment of sentence of 1½ to 5 years' incarceration, imposed after he pled guilty to driving under the influence (DUI) - highest rate of alcohol, 75 Pa.C.S. § 3802(c); driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543; and fleeing or attempting to elude a police officer, 75 Pa.C.S. § 3733.  Appellant seeks to raise various issues on appeal.  However, his counsel, Sean E. Cullen, Esq., has concluded that Appellant's claims are frivolous and, consequently, Attorney Cullen has filed a petition to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v Santiago**, 978 A.2d 349 (Pa. 2009).  After

_____

[*] Former Justice specially assigned to the Superior Court.

careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On April 29, 2015, Appellant pled guilty to the above-stated offenses. He was sentenced to the aggregate term stated *supra* on July 20, 2015. Appellant filed a timely notice of appeal. Thereafter, he filed a *pro se* petition for the appointment of new counsel, which the court granted, appointing Tammy Michele Washington, Esq., as appellate counsel. The court then issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Washington filed a motion for a 90-day extension of time to file Appellant's Rule 1925(b) statement, which the court granted on October 23, 2015.

Over the ensuing months, Attorney Washington did not file a Rule 1925(b) statement on Appellant's behalf. On January 20, 2016, the trial court issued an order appointing new counsel, Attorney Cullen, to represent Appellant on appeal. The court's January 20, 2016 order also directed Attorney Cullen to file a Rule 1925(b) statement on Appellant's behalf. However, Attorney Cullen did not file a Rule 1925(b) statement. Consequently, on March 25, 2016, the court issued a Rule 1925(a) opinion concluding that Appellant's issues were waived. However, the court found, without elaboration, that Attorney Cullen was "in a procedural bind and [was] essentially unable to file a 1925(b) Statement on behalf of his client…." Trial Court Opinion (TCO), 3/25/16, at 2 n.1. Accordingly, the trial court asked this Court to "remand this matter, pursuant to Pa.R.A.P.

- 2 -

1925(c)(3), to the trial court so that appellate counsel may file a [concise] [s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the trial court." **Id.** at 2.

After the trial court's opinion was filed, Attorney Cullen filed with this Court a petition to withdraw as counsel and an **Anders** brief, wherein he addresses seven issues that Appellant raised in two, *pro se* Rule 1925(b) statements filed during the pendency of this appeal.[1] Additionally, in his **Anders** brief, Attorney Cullen indicates that he would not file a Rule 1925(b) statement if we remand this case, as he cannot ascertain any non-frivolous issues to raise on appeal. **See Anders** Brief at 3. Accordingly, it is apparent that if we remand, Attorney Cullen will file a Rule 1925(c)(4) statement of his intent to file an **Anders** brief and petition to withdraw, which would not elucidate the issues Appellant seeks to raise for the trial court to issue a Rule 1925(a) opinion. Under this procedural posture, we decline to remand. The record before us is sufficient for us to meaningfully review counsel's petition to withdraw, the issues Appellant wishes to raise on appeal, and whether there are any non-frivolous claims that Appellant could assert herein.

---

[1] The trial court acknowledged that Appellant had filed those *pro se* Rule 1925(b) statements, but it declined to address the issues raised therein, as Appellant was represented by counsel when those documents were filed. **See** TCO at 2; **see also Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (finding that a *pro se* Rule 1925(b) statement filed by a represented defendant is "a legal nullity").

J-S59012-16

Accordingly, we will begin by addressing the adequacy of Attorney Cullen's petition to withdraw and his *Anders* brief. This Court has explained:

> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied,* 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

- 4 -

In this case, Attorney Cullen's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's issues, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Additionally, Attorney Cullen has filed supplemental documents, at the direction of this Court, to confirm that he has properly informed Appellant of the rights outlined in *Nischan*. *See* Attorney Cullen's "Response to Order," 7/7/16. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

Attorney Cullen sets forth the following issues that Appellant seeks to raise, which we have reordered for ease of disposition:

> 1. The [trial] [c]ourt erred as a matter of law, because Appellant was denied his [c]onstitutional right of competent and effective counsel.
>
> 2. The [trial] [c]ourt erred as a matter of law, because Appellant's [c]ounsel was ineffective for failure to share discovery with Appellant, failure to move for dismissal of the case due to Rule 600, refusal to get inpatient records, signing Rule 600 waiver without Appellant's permission, and refusing to discuss the case with Appellant.

3. The [trial] [c]ourt erred as a matter of law, because Appellant's prior counsel failed to help Appellant withdraw his guilty plea and proceed to trial.

4. The [trial] [c]ourt erred as a matter of law, because Appellant's sentence is illegal as an operation of law as this was a second offense DUI, not a third offense.

5. The [trial] [c]ourt erred as a matter of law, because the legal maximum sentence on a second offense DUI is six (6) months.

6. The [trial] [c]ourt erred as a matter of law, because [the trial] [c]ourt lack[ed] jurisdiction over this case.

7. The [trial] [c]ourt erred as a matter of law, because Appellant was not given time credit for seventy-seven (77) days of time in an inpatient [treatment] facility.

*Anders* Brief at 4.

Appellant's first three issues allege ineffective assistance of his plea counsel. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in Appellant's case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express

- 6 -

waiver of PCRA review"). Accordingly, we agree with Attorney Cullen that raising these ineffectiveness claims on direct appeal would be frivolous, as Appellant must wait to assert them on collateral review.

Appellant's fourth and fifth issues are related and, therefore, we will address them together. Briefly, Appellant challenges the legality of a one-year mandatory minimum sentence imposed for his DUI offense under 75 Pa.C.S. § 3804(c). That section states, in pertinent part:

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> ***
>
> (2) For a second offense, to:
>
> (i) undergo imprisonment of not less than 90 days;
>
> ***
>
> (3) For a third or subsequent offense, to:
>
> (i) undergo imprisonment of not less than one year;

75 Pa.C.S. § 3804(c). Relatedly, section 3806(b) states that for a previous DUI offense to constitute a 'prior offense' under section 3804(c), it must have occurred "within 10 years prior to the date of the offense for which the defendant is being sentenced…." 75 Pa.C.S. § 3806(b).

Appellant initially seeks to argue that his one-year DUI sentence is illegal because he only had one 'prior conviction' rather than two, thus subjecting him to a mandatory term of only 90 days' imprisonment. At the time of sentencing, the court concluded that Appellant's current DUI offense

was his third. N.T. Sentencing, 7/20/15, at 10. Attorney Cullen explains that the court's determination was correct, as Appellant committed two prior DUI offenses, one on December 24, 2003, and one on January 13, 2011. ***Anders*** Brief at 8-9. Appellant's current offense under section 3802(c) was committed on April 23, 2013, thus within 10 years of both of those prior offenses. Accordingly, the court's imposition of the mandatory one-year term delineated in section 3804(c) was not error.

Appellant also seeks to challenge both the facial constitutionality of section 3608(b), as well as the constitutionality of that provision as applied in this case. First, Appellant would argue that the enactment of 75 Pa.C.S. § 3806(b) "violates the prohibition of *ex post facto* laws" set forth in "the United States Constitution and the Constitution of the Commonwealth of Pennsylvania…." ***Anders*** Brief at 9. To the extent that Appellant seeks to challenge the facial constitutionality of section 3806(b), such a claim would be frivolous. "This Court has repeatedly held that the amendment to the DUI statute providing for a ten year look-back period to determine whether a defendant had prior DUI offenses, for purposes of enhancing subsequent offenses, did not constitute an *ex post facto* violation." ***Commonwealth v. Cook***, 941 A.2d 7, 13 (Pa. Super. 2007) (citations omitted).

Additionally, Appellant's argument that section 3806(b) is unconstitutional, as applied in his case, is also frivolous. "Section 3806(b), which altered the 'look-back' period from seven to ten years, became effective on February 1, 2004," nine years before Appellant was arrested for

- 8 -

the present DUI conviction. *Commonwealth v. Tustin*, 888 A.2d 843, 846 (Pa. Super. 2005). While Appellant's first DUI offense occurred in 2003, prior to the 10 year 'look-back' amendment, the court's application of section 3806(b) did not retroactively punish Appellant for that 2003 DUI offense; it "only enhanced punishment for the latest offense, which is considered to be an aggravated offense because it is a repetitive one." *Cook*, 941 A.2d at 13. Accordingly, Appellant's constitutional rights were not violated by his previous DUI convictions being considered as 'prior offenses' under section 3806(b).

In Appellant's sixth issue, he wishes to argue that the trial court lacked jurisdiction over his case. Again, this issue is frivolous. Appellant was charged with committing three violations of the Motor Vehicle Code. He conceded at the guilty plea hearing that he committed those offenses in Montgomery County. *See* N.T. Guilty Plea, 4/29/15, at 5. Therefore, the Court of Common Pleas of Montgomery County had jurisdiction to resolve those charges. *See Commonwealth v. Soder*, 905 A.2d 502, 503 (Pa. Super. 2006) (finding the court of common pleas had jurisdiction over charges stemming from violations of the Motor Vehicle Code); *see also Commonwealth v. Seiders*, 11 A.3d 495, 497 (Pa. Super. 2010) (stating that a court has jurisdiction over offenses which occur within "the territorial boundaries of the judicial district in which it sits").

In Appellant's last issue, he seeks to argue that the trial court erred by failing to give him credit for time that he spent at an inpatient treatment

facility, specifically, from May 15th through July 23rd of 2013. Preliminarily, our Court has declared:

> [W]hether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.,* as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

*Commonwealth v. Toland*, 995 A.2d 1242, 1250–51 (Pa. Super. 2010) (internal citations omitted). Thus, under *Toland*, if a defendant is ordered by the court to enter inpatient treatment, a challenge to the credit he received (or did not receive) for that time implicates the legality of his sentence. Conversely, if a defendant voluntarily enters inpatient treatment, a challenge to the court's decision on whether to give him credit for that time implicates a discretionary aspect of his sentence.

Here, we conclude that Appellant voluntarily entered the inpatient treatment program, as nothing in the record suggests that the court ordered him to do so. Notably, an April 23, 2013 order entered by the magisterial district court set the amount of Appellant's bail at $5,000, but made no mention of inpatient treatment. That order appears to be the only document filed by the court prior to Appellant's entering inpatient treatment on May 15, 2013. Accordingly, because the record indicates that Appellant's commitment in the treatment facility was voluntary, his argument that the

court erred by not crediting him for the time he spent in that facility is a challenge to the discretionary aspects of his sentence.

"It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court." *Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004). Here, Appellant did not file a post-sentence motion raising his time-credit issue. We also point out that, during the sentencing hearing, the court stated the periods of time for which Appellant was receiving credit, and it did not include the time from May 15th through July 23rd of 2013. *See* N.T. Sentencing at 12. Appellant did not raise any issue concerning the time for which he was getting credit. Thus, we are convinced that Appellant has waived his assertion that the court erred by not giving him credit for the time he spent in the inpatient treatment facility. Consequently, we agree with Attorney Cullen that asserting this claim on appeal would be frivolous.

In sum, the seven issues Appellant seeks to raise on appeal are frivolous. Additionally, our independent review of the record does not reveal any other non-frivolous issues that Appellant could present on appeal. Therefore, we affirm his judgment of sentence and grant Attorney Cullen's petition to withdraw.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2016</u>