J. S62042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :               PENNSYLVANIA
                v.                           :
                                                 :
GLEN EDWARD POLSTER,             :          No. 335 EDA 2018
                                                 :
               Appellant              :

Appeal from the Judgment of Sentence, December 15, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-SA-0000552-2017

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 20, 2018**

Glen Edward Polster appeals ***pro se*** from the December 15, 2017 judgment of sentence imposing a $200 fine and the costs associated with his prosecution after he was found guilty of the summary traffic offense of driving while operating privilege is suspended or revoked.[1]  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On June 20, 2017, [a]ppellant was issued a citation by Falls Township Police Officer Jeffrey Omlor for Driving While Operating Privilege is Suspended or Revoked, Non-DUI related, 75 Pa.C.S.[A.] § 1543(a). On July 10, 2017, [a]ppellant entered a guilty plea to the charge before the Honorable Jan Vislosky of Magisterial District Court 07-1-10.  On August 7,

---

[1] 75 Pa.C.S.A. § 1543(a).

2017, [a]ppellant filed a Notice of Appeal from his summary conviction. A hearing originally scheduled for October 20, 2017, was continued at [a]ppellant's request and subsequently rescheduled for December 15, 2017.

On December 7, 2017, [a]ppellant filed a 36-page [**pro se**] "Brief in Support of Notice for Dismissal for Lack of Jurisdiction" along with a 4-page "Respondent's Special Appearance, Formal Notice of Declination to Plead and Answer Form of Demur" and a 4-page "Affidavit of Glen Edward Polster – Not Engaged in Commerce or 'Transportation'" in which he apparently attempted to argue that he had a constitutional right to operate a motor vehicle on public roadways without a valid driver's license. Appellant, therefore, argues that the courts have no jurisdiction to enforce any citations issued in violation of his perceived constitutionally protected rights.

After we rejected [a]ppellant's argument at the hearing **de novo** on December 15, 2017, and denied his motion to dismiss, Officer Omlor testified that at the time of the traffic stop, [a]ppellant was unable to present a driver's license, and informed the [o]fficer "that he did not need one." Officer Omlor ran a check and discovered that [a]ppellant's operating privileges were currently suspended. He then obtained a certified copy of [a]ppellant's driving record[,] which reflected that [a]ppellant "has been under suspension for quite some time," with his first suspension effective on August 19, 2013, and the most recent suspension effective as of July 18, 2017. Appellant then testified that he was "here on special appearance" and was "not agreeing to a plea or anything," and repeated his argument that the "Transportation Code applies to commercial activity." At the conclusion of the hearing, we determined that the Commonwealth had proven all of the elements necessary for the charge of Driving While Operating Privilege is Suspended or Revoked, 75 Pa.C.S.[A.] § 1543(a), denied [a]ppellant's appeal from his

> summary conviction, and reinstated the sentence imposed by the District Court.

Trial court opinion, 3/15/18 at 1-2 (citation to notes of testimony omitted).

This **pro se** appeal followed. On January 24, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant complied and the trial court filed its Rule 1925(a) opinion on March 15, 2018.[2]

Appellant raises the following issues for our review:

> A. Did the [trial court] error [sic] when he rejected [a]ppellant[']s motion and brief in support of the motion to dismiss for lack of jurisdiction and failure to state a cause of action for which relieve [sic] can be granted and his other pleadings, for which the [a]ppellant relied upon for his believes [sic] and defense to the patently frivolous and spurious charges(s) brought against him?
>
> B. Did the [trial court] error [sic] when he ruled over [a]ppellant[']s objections to terms us [sic] by the prosecutor from the "transportation" code?
>
> C. Did sufficient evidence support the trial court's finding, purportedly by clear and convincing evidence, that the Prosecutor for the

---

[2] The docket indicates that appellant's Rule 1925(b) statement was time-stamped as filed on February 16, 2018, two days after the 21-day deadline. However, this court accepted appellant's **pro se** application to amend, filed on September 21, 2018, which contains date-stamped copies of U.S. Postal Service Certified Mail Form 3800 indicating that he timely filed his Rule 1925(b) statement with both the Prothonotary and trial court on February 14, 2018. U.S. Postal Service Certified Mail Form 3800 meets the specifications of Pa.R.A.P. 121(e), relating to preservation of filing dates.

> Commonwealth/State proved beyond a reasonable doubt that they had jurisdiction over [a]ppellant and therefore classify [a]ppellant as someone engaged in a privileged/commercial activity (for monetary gain/compensation/hire) which would have require [sic] him to have a current valid "driver [sic] license" issued by the Pennsylvania Department of "Transportation" and since [a]ppellant is being charge [sic] as a criminal, did the Prosecutor prove willfulness?

Appellant's brief at 9-10 (emphasis omitted). For the ease of our discussion, we have elected to address appellant's claims in a slightly different order than presented in his appellate brief.

We begin by addressing appellant's contention that the Commonwealth failed to present sufficient evidence to sustain his conviction for driving while operating privilege is suspended or revoked. (Appellant's brief at 42-51; issue C.)

Our standard of review in assessing whether there was sufficient evidence to sustain appellant's conviction is well settled.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Thomas***, 988 A.2d 669, 670 (Pa.Super. 2009)

(citations omitted), ***appeal denied***, 4 A.3d 1054 (Pa. 2010).

Section 1543 of the Motor Vehicle Code, driving while operating

privilege is suspended or revoked, provides, in relevant part, as follows:

> **(a)  Offense defined.--**Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S.A. § 1543(a).

Viewing the evidence in the light most favorable to the

Commonwealth, the verdict winner, we find that there was ample evidence

to sustain appellant's conviction for driving while operating privilege is

suspended or revoked.  The record establishes that on June 20, 2017,

Officer Jeffrey Omlor of the Falls Township Police Department conducted a

lawful traffic stop of a white 2003 Ford SUV being driven by appellant in

Falls Township, Buck County, Pennsylvania.  (Notes of testimony, 12/15/17

at 18-19.)  Officer Omlor testified that appellant did not provide him with a

driver's license when requested to do so and informed him that, "I don't

need one." (***Id.*** at 21.)  Upon discovering that appellant's driver's license

was suspended, Officer Omlor issued appellant a traffic citation,

No. C4048599-2, for driving while operating privilege is suspended or

revoked. (*Id.* at 22.) Appellant's certified driving record, which was admitted into evidence at the trial *de novo*, indicates that appellant's driving privileges were suspended on August 19, 2013, and his suspension remained in effect on June 20, 2017, the date Officer Omlor stopped his vehicle. (*Id.* at 23-24; *see also* "Certified Driver History," 12/13/17; Commonwealth exhibit C1.) Based on the foregoing, we find that appellant's claim that there was insufficient evidence to sustain his conviction for driving while operating privilege is suspended or revoked must fail.

The crux of appellant's remaining claims is that the trial court lacked jurisdiction to enforce the citation issued for his violation of the Motor Vehicle Code because he was not engaged in commercial activity on the date in question and possessed a constitutionally protected right to "travel free and unencumbered" on public roadways without a valid driver's license. (Appellant's brief at 24-41; issues A, B; *see also* notes of testimony, 12/15/17 at 10, 26-27.) This claim is meritless. "Subject matter jurisdiction speaks to the competency of a court to hear and adjudicate the type of controversy presented. Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary." *Commonwealth v. Elia*, 83 A.3d 254, 265 (Pa.Super. 2013) (citations omitted), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

As discussed, the evidence clearly establishes that appellant operated a vehicle in Bucks County while his license was suspended. It is well settled

that a trial court, like the Court of Common Pleas of Bucks County in the instant matter, has jurisdiction over offenses which occur within "the territorial boundaries of the judicial district in which it sits[.]" ***Commonwealth v. Seiders***, 11 A.3d 495, 497 (Pa.Super. 2010) (citation omitted); ***see also Commonwealth v. Soder***, 905 A.2d 502, 503 (Pa.Super. 2006) (finding the court of common pleas had jurisdiction over charges stemming from violations of the Motor Vehicle Code). Moreover, we note that our supreme court has long recognized that "[o]perating a motor vehicle is a privilege, not a right . . . [t]o obtain the benefit of such a privilege, a driver must abide by the laws of the Commonwealth relating to the privilege." ***Alexander v. Commonwealth, Dept. of Transp.***, 880 A.2d 552, 561 (Pa. 2005) (citations omitted). Accordingly, appellant's jurisdiction claims are meritless.

For all the foregoing reasons, we affirm appellant's December 15, 2017 judgment of sentence.

Judgment of sentence affirmed. Appellant's ***pro se*** application to amend is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18