J-A22027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| AUSTIN JACOB REEFER | : | |
| Appellant | : | No. 1313 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001099-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| AUSTIN JACOB REEFER | : | |
| Appellant | : | No. 1314 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001391-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| AUSTIN JACOB REEFER | : | |
| Appellant | : | No. 1315 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 5, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001679-2022

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: December 23, 2024**

Austin Jacob Reefer appeals from the judgment of sentence entered following his guilty plea to two counts of strangulation[1] and one count of rape of a child.[2] His counsel has filed an ***Anders***[3] brief and a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

Reefer was charged with numerous sex crimes at three docket numbers. At docket 1391 of 2022, he was accused of 21 counts of indecent assault of person less than 13 years of age; 20 counts of indecent assault without consent; 10 counts each of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child, involuntary deviate sexual intercourse with person less than 16 years of age, and involuntary deviate sexual intercourse by forcible compulsion; and one count each of unlawful contact with a minor, corruption of minors, endangering welfare of children ("EWOC").[4]

---

[1] 18 Pa.C.S.A. § 2718(a).

[2] 18 Pa.C.S.A. § 3121(c).

[3] ***Anders v. California***, 386 U.S. 738 (1967).

[4] 18 Pa.C.S.A. §§ 3126(a)(7), 3126(a)(1), 3121(c), 3122.1(b), 3123(b), 3123(a)(7), 3123(a)(1), 6318(a)(1), 6301(a)(1)(ii), 4304(a), respectively.

At docket No. 1099 of 2022, Reefer was charged with strangulation, simple assault, and recklessly endangering another person ("REAP").[5] At docket No. 1679 of 2022, he was charged with strangulation, EWOC, REAP, simple assault, and harassment.[6]

Reefer agreed to plead guilty to one count rape of a child at docket 1391, one count of strangulation at docket 1099, and one count of strangulation at docket 1679.[7] The Commonwealth offered an aggregate sentence of eight and a half to 20 years' incarceration, with lifetime Sex Offender Registration and Notification Act ("SORNA") registration.

At the guilty plea hearing, Reefer affirmed that he understood the terms of the agreements, would be required to register under SORNA, and had a right to a jury trial. N.T., May 15, 2023, at 16-17. He conceded that he had had an opportunity to speak with his counsel about each case, and specifically as to docket 1391, which had been set for trial that day, that he spoke to counsel to "go over the evidence that the Commonwealth would present, prepare a defense, and[] then [went] to Court [that] day ready to go to trial." *Id.* at 19. Reefer stated he did not have a mental illness, was not being treated for anything, and had not taken any drugs or alcohol. *Id.* at 20.

---

[5] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), and 2705.

[6] 18 Pa.C.S.A. §§ 2718(a)(1), 4304(a)(1), 2705, 2701(a)(1), and 2709(a)(1).

[7] As part of the plea agreement, the Commonwealth agreed to *nolle pros* charges at two additional dockets.

The court went over the charges, warned Reefer that the agreement was not binding unless the court accepted the terms, and stated the aggregate sentence if it accepted the agreement would be eight and a half to 20 years' imprisonment. *Id.* at 21-25. Reefer agreed that counsel had reviewed with him the written guilty plea colloquy and that he had signed the document. *Id.* at 26-27. The following was stated regarding the factual basis for the plea agreement:

> THE COURT: Okay. Now, one of the other things that you have to do in order to enter a valid guilty plea is you have to admit to a factual basis.
>
> Let's first deal with Case No. 1099 of 2022. That is going to be one of the strangulation cases.
>
> Do you admit on Sunday, May 15, 2022, in New Sewickley Township in Beaver County that on that day that you had choked [K.W.], and you did that by knowingly and intentionally impeding her breathing and circulation of blood by applying pressure to her throat and neck?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you admit that you did that?
>
> THE DEFENDANT: I do.
>
> . . .
>
> THE COURT: Okay. And I should say, another element for it to get to the second degree is that you have a prior relationship, an intimate relationship with the victim.
>
> Do you understand that element, too?
>
> THE DEFENDANT: I do.
>
> THE COURT: And do you also admit that you had such a relationship with [K.W.]?
>
> THE DEFENDANT: Yes.

- 4 -

. . .

THE COURT: That means the Commonwealth would have to prove that beyond a reasonable doubt as part of the other elements.

Do you understand that?

THE DEFENDANT: I do.

THE COURT: Okay. The next case I'm going to talk about is the [1679] of 2022.

Do you admit on that day, on July 7, 2022, in Ambridge—

Is that where this incident occurred?

THE DEFENDANT: Yes.

THE COURT: Okay. Do you admit that on that day that [A.O.] was choked by you in the same fashion, such that when you did that you knowingly or intentionally impeded the breathing of her and also impeded the circulation of blood by applying pressure to her throat and her neck?

Do you understand that?

THE DEFENDANT: I do.

THE COURT: Do you admit to that?

THE DEFENDANT: Yes.

. . .

THE COURT: . . . and the reason it's a felony two is because of an intimate relationship.

Do you admit that you had an intimate relationship with the victim that was just mentioned in that case?

THE DEFENDANT: Yes.

THE COURT: All right. And do you understand just as the other case that I just mentioned that that is an element also that would have to be proved beyond a reasonable doubt?

Do you understand that?

THE DEFENDANT: I do.

. . .

THE COURT: . . . [T]he element of that case also, and the reason it's a felony two is because of an intimate relationship.

Do you admit that you had an intimate relationship with the victim that was just mentioned in that case?

THE DEFENDANT: Yes.

. . .

[ASSISTANT DISTRICT ATTORNEY]: Your Honor, since we're doing a plea to just the one count, I would go with November 2019, and for that time period was when they resided in a camper that in the complaint is . . . in Sewickley, which is in Economy Borough, and the act there would be oral sex.

. . .

THE COURT: All right. [N.J.] was, on that date in that place that you talked about in Economy, did you cause her to have sexual intercourse with you?

THE DEFENDANT: Yes.

THE COURT: And how old was she at the time?

THE DEFENDANT: I don't know.

THE COURT: Was she under the age of 13?

THE DEFENDANT: Yes.

THE COURT: All right.

[ADA]: Your Honor, in that year at that time period when they lived in that camper [N.J.] was 7.

THE COURT: Okay. So, you know now, at least as represented by [the ADA] that she was 7 years old?

THE DEFENDANT: Yeah, I know now.

THE COURT: All right . . . you admit that she was, she was definitely under 13 at that time?

THE DEFENDANT: Yes.

THE COURT: And the sexual intercourse that day, the specific act was that, that she had oral intercourse on you; is that right?

THE DEFENDANT: Yes.

*Id.* at 28-34. Reefer agreed that nobody had forced him to make the admissions and that he did so of his own free will. *Id.* at 34. He further stated no promises had been made. *Id.* at 34-35.

Reefer filed a pre-sentence motion to withdraw his guilty plea, claiming he had been coerced into pleading guilty "due to the fact that he was repeatedly told that he was subject to a sentence of up to one hundred (100) years['] incarceration if he was found guilty." Motion to Withdraw Pleas, filed May 18, 2023, at ¶ 3. He further claimed his counsel was deficient and he wished to retain new counsel "to negotiate a better plea agreement." *Id.* at ¶ 4.

The court held a hearing on the motion to withdraw, after which it made the following factual findings:

> I make the finding, with regard to Mr. Reefer's testimony today . . . his testimony in general was not credible. When he says he was not aware of what was happening, or didn't understand the case, or was forced to do this because of the possibility of a hundred-year sentence, all of those things are not credible. So that's the first thing I want to do is address the credibility of the testimony I heard here today insofar as that witness is concerned.
>
> During the phone calls, I make the finding that Mr. Reefer was acutely aware of his right to a jury trial, and during those phones calls he also conceded the strength of the Commonwealth's case, which included witnesses that in his own words—when he was not in a position to be trying to mislead either the Court or some other party—admitted to them being credible and essentially making good witnesses.

- 7 -

He acknowledged that he had little defense, not because of his lawyer but because of the facts that existed. Also, from the telephone calls, I make the findings that what Mr. Reefer is trying to do here is trying to have his guilty plea withdrawn based upon an ulterior motive in which he took certain actions, knowing full well what they were. The ulterior motive was to try and stall to get more time to either get new counsel, or to get more time. He was aware, during the time that he made the motion to withdraw plea, that a motion to continue had been denied. He was also aware that he tried to get a continuance because of his attempts to get new counsel. By entering a knowing plea, understanding all the terms, he tried to buy some time, he thought, that he could accomplish his goal of getting new counsel. I also find that, given the nature of the charges in all of these cases, there was exposure of a potential incarceration period of 100 years.

Trial Court Opinion, filed Jan. 2, 2024, at 12 (citation omitted).[8] The court denied the motion. Pursuant to the plea agreement, the court sentenced Reefer to eight and a half to 20 years' incarceration. Reefer filed a timely notice of appeal.

Reefer's counsel filed an **Anders** brief and a petition to withdraw as counsel.[9] Reefer did not respond to counsel's **Anders** brief.

Before we assess the substance of the **Anders** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290

---

[8] The transcript from the hearing on the motion to withdraw is not in the record. Reefer does not dispute the trial court's citation to the transcript.

[9] The Commonwealth did not file an appellee's brief.

(Pa.Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007) (alteration omitted)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744) (emphasis removed).

Here, counsel has substantially complied with the requirements of **Anders** as set forth in **Santiago**. In the **Anders** brief, counsel provided a

summary of the procedural history and facts, with citations to the record, referred to parts of the record that counsel believes arguably supports the appeal, set forth his conclusion that the appeal is frivolous, and stated his reasons for concluding that the appeal is frivolous. Counsel has supplied Reefer with a copy of his *Anders* brief and his petition to withdraw and a letter advising him that he may raise any additional issues before this Court *pro se* or with private counsel. *See* Letter from Counsel to Reefer dated June 14, 2024, filed with this Court July 3, 2024. Accordingly, counsel has complied with the technical requirements for withdrawal. We will therefore review the substantive issues counsel raises in his brief.

Counsel pointed out that a guilty plea waived all defects and defenses except the court's jurisdiction, the legality of the sentence, and the validity of the guilty plea. *Anders* Br. at 8. He further noted that an appeal of the discretionary aspects of sentence is frivolous when the sentence is the result of a negotiated plea. *Id.* Counsel stated there was nothing in the record to support a claim the trial court lacked jurisdiction. *Id.* He further concluded the sentence was not illegal. *Id.* at 9. Finally, he concluded that the plea was valid, pointing to the written colloquy and lengthy oral colloquy. *Id.* at 9-10.

Counsel noted that during his meetings and correspondence with Reefer, Reefer articulated that the reasons for the appeal was his alleged innocence and that he felt coerced into entering the guilty plea. Counsel concluded the reasons were not supported by the record, which included Reefer's agreement

to the facts underlying the crimes and his statement that no one had forced him to make the admissions. *Id.* at 10.

We agree with counsel. "When an appellant enters a guilty plea, []he waives h[is] right to 'challenge on appeal all non-jurisdictional defects except the legality of h[is] sentence and the validity of h[is] plea.'" ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008) (quoting ***Commonwealth v. Rush***, 909 A.2d 805, 807 (Pa.Super. 2006)).

Here, the trial court had jurisdiction, as the criminal complaint alleged violations of the Crimes Code took place in Beaver County. 18 Pa.C.S.A. § 102; ***Commonwealth v. Seiders***, 11 A.3d 495, 497 (Pa.Super. 2010).

The court did not impose an illegal sentence, as statutory authorization existed for the sentences and the sentences were within the statutory maximum. ***See Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013).

Further, there is no reasonable basis on which to argue that Reefer entered an invalid plea. To be valid, a guilty plea must be knowing, intelligent, and voluntary. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). The court must conduct an on-the-record inquiry to determine whether the plea is voluntarily and knowingly tendered. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590(a)). The court must develop a record that shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of

innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. **Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa.Super. 2016). There is a presumption that a plea was knowing, intelligent, and voluntary, and the defendant bears the burden of proving otherwise. **Pollard**, 832 A.2d at 523. Further, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. **Id.**

Here, the record contains both a written and oral colloquy, wherein Reefer acknowledged that it was his signature on the written colloquy and that he understood he did not have to plead guilty, he had the right to a jury trial, the Commonwealth bore the burden at trial of proving guilt beyond a reasonable doubt, and his decision to plead guilty was not the result of any coercion or promises. N.T., May 15, 2023, at 16-34. The court also explained the nature of the charges to which Reefer was pleading guilty, the factual basis for the plea, and the potential range of sentences and fines. **Id.** Accordingly, the record provides no basis to find the plea was not knowing, intelligent, and voluntary, and any claim the plea was invalid would be frivolous.

Further, following a review of the record, we conclude there are no non-frivolous issues for appellate review.

Judgment affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/23/2024